UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAYLA SUGGETT,<br><br>        Plaintiff,<br><br>    v.<br><br>SOLANO COUNTY JUSTICE CENTER, *et al.*,<br><br>        Defendants. | Case No.  2:23-cv-00907-JDP (PC)<br><br>ORDER |

      Plaintiff brings this section 1983 case against several defendants at the Solano County Justice Center, alleging that they violated her constitutional rights by retaliating against her for filing grievances, that they rejected her grievances, and that they failed to provide adequate medical care.  After review of the complaint, I find that her First Amendment retaliation claims against defendants Hagen and Merrick may proceed.  Separately, she has stated a viable Fourteenth Amendment claim for denial of adequate medical care against defendant Wong.  However, while viable, these claims are related to proceed jointly.  Plaintiff's other claims are non-cognizable.  Plaintiff may choose to pursue either her First Amendment claims or her

1

Fourteenth Amendment claim against Wong.  Alternatively, she may delay serving any defendant and file an amended complaint.

## Screening Order

### I.     Screening and Pleading Requirements

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that defendants Hagen and Merrick have retaliated against her for filing grievances by refusing to deliver care packages sent by her husband, refusing to protect her from her cellmate, searching her cell, and destroying her personal property. ECF No. 1 at 2. These First Amendment claims are cognizable.

Plaintiff also alleges that defendants Hagen and a physician named Wong have failed to adequately treat her attention deficit disorder. *Id.* at 3. As for Hagen, she alleges that his only involvement in her treatment has been denying her grievances. *Id.* That is insufficient to state a claim for inadequate medical treatment. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (noting that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure"). As for Wong, plaintiff alleges that he has refused to prescribe her medication for attention deficit disorder. ECF No. 1 at 3. She does not explain whether Wong has any medical rationale for refusing the requested medication or whether he agrees with her diagnosis of attention deficit disorder. Since plaintiff appears to be a pre-trial detainee, however, she need only allege that her care has been objectively deliberate indifferent; there is no requirement that defendant subjectively understand the risk of denying treatment. *See Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). Thus, this claim against Wong is viable. It is, however, insufficiently related, both legally and factually, to the retaliation claims against Hagen and Merrick. Whether Hagen and Merrick are retaliating against plaintiff for filing grievances is a separate question from whether Dr. Wong has adequately treated her mental alleged attention deficit disorder. Unrelated claims against multiple defendants belong in separate suits.

Plaintiff's final claim relates to the processing of her grievances and the repeated denial of the same. ECF No. 1 at 4. As explained above, there is no constitutional entitlement to any grievance process. *Ramirez*, 334 F.3d at 860.

Plaintiff may choose to proceed in this suit with either her retaliation claims against Hagen and Merrick or her deliberate indifference claim against Wong. Alternatively, she may delay serving any defendant and file an amended complaint. She is advised that the amended

3

complaint will supersede the current one. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must either indicate her desire to proceed with either her First Amendment claims against Hagen and Merrick OR her Fourteenth Amendment deliberate indifference claim against Dr. Wong. Alternatively, she may file an amended complaint. If she fails to avail herself of any of these options, I may recommend that this action be dismissed for failure to prosecute.

2. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated: _____August 31, 2023_____    _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE