UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAYLA SUGGETT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOLANO COUNTY JUSTICE CENTER, *et al.*,<br><br>　　　　Defendants. | Case No.  2:23-cv-00907-JDP (PC)<br><br>SCREENING ORDER FINDING THAT THE FIRST AMENDED COMPLAINT FAILS TO MEET FEDERAL PLEADING STANDARDS AND OFFERING LEAVE TO AMEND<br><br>ECF No. 8<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>ECF No. 6 |

　　　Plaintiff, an inmate at the Solano County Jail, alleges that defendants violated her rights by failing to provide adequate medical care and by retaliating against her for filing grievances. I previously found some of her claims cognizable, ECF No. 7, but noted that the complaint contained unrelated claims. I informed plaintiff that she could proceed with one set of cognizable claims, or delay serving any defendant and file an amended complaint. *Id.*  She selected the latter option and filed a first amended complaint that is before me for screening. ECF No. 8. The first amended complaint does not contain a "short and plain statement" of her claims showing that she is entitled to relief. Fed. R. Civ. P. 8(a)(2). I will give her leave to amend to remedy this

1

deficiency. I will also deny her motion for appointment of counsel. ECF No. 6.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Analysis

Plaintiff's nineteen-page complaint, which is not divided by claim, defendant, or paragraph, is not a "short and plain statement" as contemplated by Rule 8. *See McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) ("Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges."). Though I can generally understand the allegations on a line-by-line basis, it is difficult to tell where distinct claims begin and end and whether certain allegations are merely offered for context or as the basis for a new claim. The complaint's lack of organization puts the court, and any defendant who would be served, in the unenviable position of having to guess at the components of the claims being brought. Rather than serving the complaint and risking delay or wasting judicial resources due to misapprehensions about what claims are at issue, I find it more prudent to offer plaintiff leave to amend. She is advised that any amended complaint should be organized in a manner that permits easy understanding of what claims are being brought against each defendant.

Plaintiff is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Finally, I will deny plaintiff's motion to appoint counsel. ECF No. 6. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and I lack the authority to require an attorney to represent her. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). I may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, I will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to

articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

I cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. Plaintiff has not demonstrated that she is likely to succeed on the merits and, at this point, I cannot say that she is incapable of articulating her claims on her own. Plaintiff does allege that her legal documents have been confiscated, but she has not described what these documents are, or why she needs them to prosecute this case that, for the time being, remains at the screening stage. For these reasons, plaintiff's motion to appoint counsel, ECF No. 6, is denied without prejudice.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff may file an amended complaint. If she does not, I will recommend this action be dismissed for failure to state a claim.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3. Plaintiff's motion to appoint counsel, ECF No. 6, is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   November 7, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE