UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAYLA SUGGETT,<br><br>    Plaintiff,<br><br>    v.<br><br>SOLANO COUNTY JUSTICE CENTER, *et al.*,<br><br>    Defendants. | Case No. 2:23-cv-00907-JDP (PC)<br><br>**ORDER**<br><br>FINDING THAT THE SECOND AMENDED COMPLAINT STATES VIABLE FOURTEENTH AMENDMENT CLAIMS AGAINST DEFENDANTS WONG, SOLANO COUNTY, AND WELLPATH MEDICAL<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED<br><br>ECF No. 10<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff, a pretrial detainee, brings this § 1983 case against several defendants at the Solano County Justice Center, alleging that they violated her constitutional rights by failing to provide adequate medical care, retaliating against her for filing grievances, and rejecting her grievances. After review of the complaint, I find that she has stated viable Fourteenth Amendment claims for inadequate medical care against defendants Wong, Solano County,[1] and

---

[1] Although plaintiff has named the jail itself as a defendant, the appropriate defendant is

1

Wellpath Medical. Those claims should proceed; all other claims and defendants should be dismissed.

### Screening Order

**I.      Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

---

the county itself. *See Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996).

## II.     Analysis

Plaintiff alleges that she suffers from attention deficit/hyperactivity disorder ("ADHD") and that she requires medication for this condition. ECF No. 10 at 4. She arrived at the Solano County Justice Center on February 17, 2023, and was told by medical staff that there was a policy of not providing medication for ADHD, because such medications were considered stimulants. *Id.* She claims that she was denied the necessary medication both by a Wellpath employee and by a physician named Wong. *Id.* The lack of medication led her to experience behavioral symptoms and brought about multiple punishments for disorderly conduct. *Id.* at 5-6. These allegations are sufficient to proceed against Wong, Wellpath, and Solano County. With respect to the county, plaintiff has sufficiently alleged, at this point, that an official policy of the county against prescribing ADHD medication is partially responsible for her inadequate care. *See Thomas v. Cnty. of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) ("The district court recited the correct standard for determining *Monell* liability, which is that it may attach when an employee is acting pursuant to an expressly adopted official policy, longstanding practice or custom, or as a final policymaker.").

Plaintiff's other allegations fare less well. She claims that defendants Bettencourt and Hagen, both correctional officers at the jail, have denied her grievances concerning her need for medication and are aware that her erratic behavior should be attributed to the lack thereof. ECF No. 10 at 5-6. These allegations are insufficient to give rise to a constitutional violation. There is no right to any particular grievance procedure, and denying a grievance does not give rise to a federal claim. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure."). And plaintiff has not alleged that either of these defendants, neither of whom is part of the medical staff or is alleged to have any medical training, is responsible for her psychiatric treatment or the prescription of medications. Plaintiff does allege that she was "written up" by Bettencourt for behavior that was caused by her lack of medication, ECF No. 10 at 6, but this alone fails to state a claim. Neither Bettencourt nor Hagen were allegedly responsible for her psychiatric care. Instead, as correctional officers, they were

1  presumably charged with maintaining order in the jail.  Pretrial detainees may be punished for a

2  violation of jail rules, so long as they receive adequate process.  *See Mitchell v. Dupnik*, 75 F.3d

3  517, 524-525 (9th Cir. 1996).  Plaintiff does not allege that she did not receive the process she

4  was due after being written up.  Lastly, plaintiff alleges that she has experienced retaliation for

5  filing her grievances, but she has not identified any specific acts of retaliation, or explicitly

6  attributed them to Hagen or Bettencourt.

7        Accordingly, it is ORDERED that:

8        1. This action shall proceed based on the Fourteenth Amendment inadequate medical care

9  claims against defendants Wong, Solano County, and Wellpath Medical.

10       2. The Clerk of Court shall send plaintiff three USM-285 forms, a summons, a Notice of

11 Submission of Documents form, an instruction sheet, and a copy of the complaint filed November

12 29, 2023, ECF No. 10.

13       3. Within thirty days from the date of this order, plaintiff shall complete the attached

14 Notice of Submission of Documents and submit the completed Notice to the court with the

15 following documents:

16           a.    one completed summons for the defendants;

17           b.    three completed USM-285 forms; and

18           c.    four copies of the signed November 29, 2023 complaint.

19       4. Plaintiff need not attempt service on defendants and need not request waiver of service.

20 Upon receipt of the above-described documents, the court will direct the U.S. Marshals Service to

21 serve the above defendants pursuant to Federal Rule of Civil Procedure 4, without payment of

22 costs by plaintiff.

23       5. Plaintiff's failure to comply with this order may result in recommendation that this

24 action be dismissed.

25       6. The Clerk of Court shall randomly assign a district judge to this action.

26      Further, it is RECOMMENDED that all claims other than the ones identified as viable

27 above be DISMISSED for failure to state a claim.

28

1    These findings and recommendations are submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
3 after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
6 objections shall be served and filed within fourteen days after service of the objections.  The
7 parties are advised that failure to file objections within the specified time may waive the right to
8 appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*
9 *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     January 16, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAYLA SUGGETT, | Case No. 2:23-cv-00907-JDP (PC) |
| Plaintiff, | NOTICE OF SUBMISSION OF DOCUMENTS |
| v. | |
| SOLANO COUNTY JUSTICE CENTER, et al., | |
| Defendants. | |

In accordance with the court's Screening Order, plaintiff must submit:

    __1__    completed summons form

    __3__    completed forms USM-285

    __4__    copies of the November 29, 2023 complaint

_____

Plaintiff

Dated:

6