UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAYLA SUGGETT,

        Plaintiff,

    v.

SOLANO COUNTY, et al.,

        Defendants.

Case No.  2:23-cv-0907-TLN-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner, brought this section 1983 action alleging that defendants Solano County, Wong, and Wellpath Medical ("Wellpath") violated her Fourteenth Amendment rights by providing inadequate medical care while she was detained at the Solano County Justice Center. ECF No. 10.  On October 28, 2025, defendant Wellpath filed a motion to dismiss.  ECF No. 34. Plaintiff failed to respond to the motion within the deadline, and, on December 9, 2025, I entered an order directing plaintiff to show cause why this action should not be dismissed for failure to prosecute.  ECF No. 36.  Plaintiff then filed an "opposition," ECF No. 37, which said only that she had not received a copy of Wellpath's motion.  *Id.* at 1.  On March 18, 2026, I directed

1

Wellpath to re-serve its motion on plaintiff, and directed her to file a response by May 1, 2026. ECF No. 40.  Wellpath re-served its motion, ECF No.41, but plaintiff has not filed a response within the deadline.  Wellpath has also stated that it has not received an opposition from her. ECF No. 42.  Accordingly, I will adjudicate Wellpath's motion as unopposed.

### I.  Motion to Dismiss

### A.  Legal Standards

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. Iqbal, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.  *Chubb Custom Ins. Co.*, 710 F.3d at 956.  Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim.  *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

### B.  Analysis

Defendant Wellpath argues that plaintiff released her claims against it pursuant to a plan that was confirmed by the United States Bankruptcy Court for the Southern District of Texas and which she did not opt out of.  ECF No. 34 at 1-2.  The plan, attached to the motion to dismiss,

provides that "releasing parties," a group that includes those holders of claims or causes of action that did not opt out of the release, are permanently enjoined from bringing claims like the one at bar against Wellpath.[1]  *Id.* at 135-140.  Plaintiff, by failing to file any opposition, does not rebut this contention or her status as a releasing party under to the plan.  Accordingly, I recommend that all claims against Wellpath be dismissed in this and the companion case.  In addition, I will order plaintiff to confirm her intent to proceed with this suit within fourteen days of this order's entry.  At this juncture, it appears that she is no longer prosecuting this litigation and, if so, that dismissal is warranted.

Accordingly, it is ORDERED that, within fourteen days of this order's entry, plaintiff must file a notice indicating her intent to proceed with her claims.  If she does not, I will recommend that this action, and the consolidated case, be dismissed in their entirety.

Further, it is RECOMMENDED that defendant Wellpath's motion to dismiss, ECF No. 34, be GRANTED and the claims against it in this case and the consolidated case (No. 2:23-cv-01353-TLN-CSK) be DISMISSED without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

---

[1] I take judicial notice of the plan.  *See Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n. 2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (quoting *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)) (internal quotation marks omitted).

IT IS SO ORDERED.


Dated:    May 27, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4